# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE BV and BOSE CORPORATION )<br><br>Plaintiffs, )<br><br>v. )<br><br>CARLOS BRACAMONTES, MICHAEL )<br>BESTOR, ELOISA ROSILLO, JOSE )<br>ROSILLO, ALEJANDRO ROSILLO, MARIO )<br>ENRIQUE ROSILLO and JESUS ROSILLO )<br><br>Defendants. )<br>) | CIV. NO.: 09-11854<br><br>JURY DEMANDED |

## COMPLAINT FOR PERMANENT INJUNCTION AND FURTHER RELIEF

Plaintiffs Bose BV and Bose Corporation (collectively, "Bose") bring this Complaint for Permanent Injunction and Further Relief against Defendants Carlos Bracamontes ("Bracamontes"), Michael Bestor ("Bestor"), Eloisa Rosillo, Jose Rosillo, Alejandro Rosillo, Mario Enrique Rosillo and Jesus Rosillo (collectively, the "Rosillos"), under the laws of the United States and the Commonwealth of Massachusetts.   Bose alleges knowledge with respect to its own acts and otherwise for its Complaint relies on information and belief and alleges as follows:

### INTRODUCTION

1.      This is an action for injunctive relief and damages arising out of Defendants' unlawful sale and marketing of Bose products that improperly infringe on Bose's incontestable trademarks, patents, copyrights and other common law rights.

2.      As set forth in greater detail below, Defendants are engaged in, and are knowingly facilitating and encouraging others to engage in, a cross-border, international conspiracy to

illegally obtain Bose products and resell the Bose products on the internet through user accounts on www.ebay.com ("eBay") .

3.     Defendants are not, and have never been, authorized resellers of Bose products.

4.     As a result of Defendants' continued sale of improperly obtained Bose products, Bose has suffered and will continue to suffer irreparable harm to its goodwill and reputation with both its consumers and its authorized dealers, for which there is no adequate remedy at law.

## PARTIES, JURISDICTION AND VENUE

5.     Plaintiff Bose Corporation is a Delaware corporation with its principal place of business at 100 Mountain Road in Framingham, Massachusetts 01701-9168.  Bose is extensively engaged in the business of engineering, manufacturing, and selling sound reproducing products throughout the world.  Bose sells products directly to consumers via its Internet sites, retail stores, and through authorized resellers.

6.     Plaintiff Bose BV is a Dutch corporation with a principal place of business at Nijverheidstraat 8, 1135 GE Edam, The Netherlands.  Bose BV is a wholly owned subsidiary of Bose Corporation and the exclusive distributor of Bose products within the European Union. Only dealers that enter into authorized dealer agreements with Bose BV may sell new Bose products within the European Union.

7.     Defendant Carlos Bracamontes is an individual residing at 1104 South 54th Street, Mesa, Arizona 85206.  Bracamontes markets and sells products on an online auction platform named eBay.  Bracamontes has registered with eBay a user account named *carlosebracamontes* through which all his now known unlawful and infringing activities have been conducted.

8.      Defendant Michael Bestor is an individual residing at 2805 Bainbridge Trl., Mansfield, TX 76063. Bestor markets and sells products on eBay through a user account named *mikail_bestop*.

9.      Defendant Eloisa Rosillo is an individual residing at 17613 South Avenue A, Somerton, AZ 85350. Eloisa Rosillo markets and sells products on eBay through user accounts named *M-402* and *baddbbooy03*.

10.     Defendant Jose Rosillo is an individual residing at Ave Mexico A 2205, Calle 22 Y 23, San Luis, Sonora, 38400, Mexico. Jose Rosillo markets and sells products on eBay through a user account named *jorollo70*.

11.     Defendant Alejandro Rosillo is an individual residing at 17613 South Avenue A, Somerton, AZ 85350. Alejandro Rosillo markets and sells products on eBay through a user account named *tazz-06*.

12.     Defendant Mario Enrique Rosillo is an individual residing at Callejon Guerrero 4210, San Luis Rio Colorado, Sonora, 83499, Mexico. Mario Enrique Rosillo markets and sells products on eBay through a user account named *masillo83499*.

13.     Defendant Jesus Rosillo is an individual residing at 17613 South Avenue A, Somerton, AZ 85350. Jesus Rosillo markets and sells products on eBay through a user account named *zeminal*.

14.     This Court has subject matter jurisdiction over the patent infringement, trademark infringement, and copyright infringement claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a) and (b). The Court has jurisdiction over the remaining claims under 28 U.S.C. §§ 1338(b) and 1367, because these remaining claims are joined with related claims under the

Trademark Laws of the United States, 15 U.S.C. § 1051 et. seq., and because the claims are so related to the federal claims that they form part of the same case and controversy.

15.     Defendants are subject to personal jurisdiction in the Commonwealth of Massachusetts pursuant to Massachusetts General Laws c. 223A § 3 because, on information and belief, Defendants practice the unlawful conduct complained of herein, in part, within the Commonwealth; because the Defendants have infringed on the intellectual property rights of a company within the Commonwealth; because the unlawful conduct complained of herein causes injury, in part, within the Commonwealth; because the Defendants regularly do or solicit business within the Commonwealth; because the Defendants regularly and systematically direct electronic activity into the Commonwealth with the manifest intent of engaging in business within the Commonwealth, including the creation and offering of fully interactive webpages and other internet related services to web users within the Commonwealth, as well as, upon information and belief, entry into contracts with residents of the Commonwealth through the sale of items in internet auctions.

16.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events and property giving rise to the causes of action occurred within the Commonwealth.

## THE BOSE INTELLECTUAL PROPERTY PORTFOLIO

### *Bose Patents*

17.     On January 26, 1993, United States Patent No. 5,182,552 ("'552 Patent") for a Multiple Zone Audio System issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '552 Patent is attached hereto as **Exhibit A**.

-Doc# 17154.1-

18.     On June 29, 1999, United States Patent No. 5,917,923 ("'923 Patent") for Satellitic Compact Electroacoustical Transducing issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '923 Patent is attached hereto as **Exhibit B**.

19.     On August 8, 2000, United States Patent No. Des. 429,235 ("'235 Patent") for a Loudspeaker issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '235 Patent is attached hereto as **Exhibit C**.

20.     On July 16, 2002, United States Patent No. US D460,435 S ("'435 Patent") for a Music Center issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '435 Patent is attached hereto as **Exhibit D**.

21.     On March 20, 2007, United States Patent No. US D538,786 ("'786 Patent") for a Loudspeaker Enclosure issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '786 Patent is attached hereto as **Exhibit E**.

22.     On June 23, 2009, United States Patent No. US 7,551,170 ("'170 Patent") for Display State Sensing issued and was duly and legally assigned to Bose Corporation, which has been the owner of that patent since that date.  A true and correct copy of the '170 Patent is attached hereto as **Exhibit F**.

### *Bose Trademarks*

23.     Bose is the sole and exclusive owner of the incontestable, federally registered mark BOSE®, which is registered as a word mark and in stylized versions in several

- 5 -

registrations on the U.S. Patent and Trademark Office's ("PTO") Principal Register. Bose has

continuously used the BOSE® mark for at least four (4) decades. For example, the PTO issued

the registration for the trademark BOSE & Design to Bose on May 30, 1967, and assigned it U.S.

Trademark Registration No. 829,402, for use on and in commerce for acoustical transducer

systems for reproduction of sound. The first use date was at least as early as May 1966, which is

long prior to the use by the Defendant. A true and correct copy of the registration printout from

the PTO Trademark Electronic Search System ("TESS") evidencing the registration is attached

hereto as **Exhibit G**. Said registration is in full force and effect.

    24.    Bose is the owner of common law rights in, and Certificates of Registration on the

Principal Register of the United States Patent and Trademark Office for, a number of marks

including the following (the common law rights in and registrations below hereinafter referred to

as the "Bose Marks"):

| Reg. No./ Reg. Date | Mark | Goods/Services |
|---|---|---|
| 991,271<br><br>8/20/74 | BOSE | loudspeaker systems; electrical power processors – namely, power amplifiers, inverters, and battery chargers, in Int'l Class 9 |
| 1,727,482<br><br>10/27/92 | BOSE | printed matter; namely, catalogs, newsletters and brochures in the field of electronic and electro-acoustical equipment, in Int'l Class 16; and repair of electronic and electro-acoustical equipment, in Int'l Class 37 |
| 1,738,278<br><br>9/15/92 | BOSE & Design<br><br>*BOSE* | printed matter; namely, catalogs, newsletters, and brochures all in the field of electronics and electro-acoustical equipment, in Int'l Class 16; and services and repair of electronic and electroacoustical equipment, in Int'l Class 37 |

| Reg. No./ Reg. Date | Mark | Goods/Services |
|---|---|---|
| 1,828,700  3/29/94 | BOSE | retail store services in the field of electronic and electro-acoustical products, in Int'l Class 42 |
| 1,830,727  4/12/94 | BOSE & Design  **_BOSE_** | retail services in the field of electronic and electro-acoustical products, in Int'l Class 42 |
| 2,288,004  10/19/99 | BOSE | computerized on-line retail services in the field of sound reproduction products, and shopping information related thereto, in Int'l Class 35 |
| 2,108,847  10/28/97 | LIFESTYLE | music systems consisting of a loudspeaker system and power amplifier and at least one of a CD player, tape player and radio tuner in Int'l Class 009 |
| 1,622,251  11/13/90 | LIFESTYLE | loudspeaker systems in Int'l Class 009 |
| 2,038,555  2/18/97 | JEWEL CUBE | loudspeakers in Int'l Class 009 |

Said registrations identified above are incontestable and are in full force and effect. True and accurate copies of the registration printout from TESS evidencing the above registrations are attached hereto as **Exhibit H**.

25.    The Bose Marks are well-known, famous, inherently distinctive and/or have acquired distinctiveness long prior to their use by Defendants. The goodwill associated with the Bose Marks is a valuable asset, and Bose has expended great effort and considerable resources in the promoting and advertising of its goods and services under the Bose Marks. As a result of this widespread and continuous use, the Bose Marks have become widely associated with Bose;

- 7 -

identify Bose as the source of its goods and services sold; and represent the valuable goodwill of Bose among members of the consuming public.  The goodwill associated with the Bose Marks is a valuable asset that provides Bose the long term ability to compete in the electroacoustical market.

### *Bose Copyrights*

26.     On December 18, 2007, Bose registered its homepage, www.bose.com, with the United States Copyright Office.  United States Copyright Registration No. VA0001647399 was duly and legally issued to Bose Corporation, which has been the owner of the copyright since that date.  Said registration is in full force and effect.

27.     Bose does not permit unauthorized parties to access, copy, mirror or in any way use their copyrighted marketing materials.

### **BACKGROUND**

28.     Bose is a world renowned manufacturer of high quality, premium performance home theatre systems.  Its flagship home theatre systems are a family of systems manufactured, marketed and sold under the Bose Marks.  The Bose Lifestyle home theatre family of products and their award-winning technologies provide consumers with the exceptional visual and audio performances that have come to be expected from Bose.

29.     The majority of the products within the Bose Lifestyle home theatre product family come standard with several Jewel Cube® speakers, a subwoofer and the Media Center. The Media Center serves as the brain of the system and allows the playing of discs within the self contained DVD player.  Bose does not now, nor ever has offered Jewel Cube® speakers, subwoofers or Media Centers for individual resale to the public.

~Doc# 17154.1~

30.     Inside each Media Center is a DVD player coded with a region code.  Region coding is a system by which digital products marketed and sold in certain geographic regions are technologically designed to be compatible only with playback devices designed for use in those regions.  DVD region codes are access control technologies used by copyright holders to limit usage of digital media.  To combat piracy of copyrighted movies, region codes restrict the area of the world in which the DVD can be played.  For example, DVD players coded as Region 1 can only play DVDs from Canada and the United States, while DVD players coded as Region 6 can only play DVDs from China.

The geographical regions for each region code are as follows:

REGION 1 -- United States, Canada

REGION 2 -- Japan, Europe, South Africa, Middle East, Greenland

REGION 3 -- South Korea, Taiwan, Hong Kong, Parts of South East Asia

REGION 4 -- Australia, New Zealand, Latin America (including Mexico)

REGION 5 -- Eastern Europe, Russia, India, Africa

REGION 6 -- China

REGION 7 -- Reserved for Unspecified Special Use

REGION 8 -- Reserved for Cruise Ships, Airlines, etc.

REGION 0 -- Informal term meaning "worldwide."  Region 0 is not an official setting.

Technologically, region coding is part of the content scrambling system ("CSS") which is itself an example of digital rights management.  CSS is an encryption system which both compresses data so that it fits on DVDs, and encrypts it so as to incorporate copy protection.  The CSS compression algorithm is central to DVD technology.  In order to protect their intellectual property and maintain the value of their services, DVD manufacturers use region coding as an

- 9 -

access control technology to limit unauthorized usage of their digital media.  In order for a

manufacturer of a DVD player, such as Bose, to decode the CSS technology and have the player

properly "read" a DVD, DVD manufacturers require that each player be set to the region code

designated to the region where the player will be sold.  The failure by a manufacturer of DVDs

to set proper region coding on their players jeopardizes their access to the CSS technology used

to play DVDs.

31.     Due to CSS technology, the regional code of a DVD and a DVD player must

match for a user to play the DVD.   For example, a Region 1 DVD will only play in a Region 1

DVD player and will not play in DVD players coded Regions 2-8.  Bose does not make a

Lifestyle home theatre system with an unlocked DVD player, as such, any Bose system with an

unlocked DVD player has been modified, is not authentic, and would not be covered by Bose's

warranty.

32.     During manufacturing of Bose Lifestyle home theatre systems, the DVD players

are set to a specific region code by programming firmware within the DVD player.  The internal

setting of the firmware determines the region code of the DVD player.  Bose developed the

proprietary firmware within its Media Centers.

33.     Additionally, Bose Lifestyle home theatre systems are manufactured with

electrical systems that operate at a power voltage and frequency that corresponds with the

locality of their intended destination.  As a result, a Bose Lifestyle home theatre system intended

for distribution in the United States will have an altogether different electrical system than a

Bose Lifestyle home theatre system intended for distribution within the European Union, namely

a system intended for distribution in the United States has a 120V electrical system, while a

system intended for distribution within the European Union has a 230V electrical system.

-Doc# 17154.1-

34.     During manufacture of many Bose products, unique serial numbers are placed on each individual Bose product. As such, each individual Bose product has unique serial numbers.

35.     After manufacture of a Bose product, but before the products enter distribution, the product's serial numbers are scanned into Bose's internal distribution system so that Bose may track the worldwide distribution and resale of its products.

## DEFENDANTS' MISCONDUCT

36.     Defendants operate a cross-border, international business whereby they, *inter alia*, sell Bose products as "new" or "factory sealed" through their individual eBay accounts to consumers worldwide. True and accurate copies of auctions from each Defendant are attached hereto as **Exhibit I**.

37.     Defendants are improperly obtaining their products from Bose's manufacturing facility in Mexico, importing the products into the United States, advertising and selling them on eBay, and then distributing the products to consumers worldwide.

38.     Defendants, through their eBay user IDs, continue to market, sell, and distribute the parts of disassembled Bose products. The quality of these products is inferior to the quality of products sold by Bose and its authorized dealers.

39.     Additionally, Defendant Bestor markets, advertises, and distributes, *inter alia*, Media Centers with their region coding unlocked to consumers worldwide. A true and accurate copy of an auction from Defendant is attached hereto as **Exhibit J**.

40.     Bestor has been engaged in a scheme to illegally manufacture, modify, sell and/or distribute unlocked Media Centers for his private financial gain. Bestor advertises the unlocked Media Centers as still factory sealed and in new condition despite that fact that Bose does not offer Media Centers for individual resale.

· Doc# 17154.1 ~

41.     Upon learning of Bestor's marketing and sale of Bose products, Bose purchased[1] an unlocked Media Center from Bestor.

42.     The serial number on the purchased Media Center did not trace in Bose's internal distribution system.  However, based upon the sequence of the serial number, it was determined that the system was manufactured in Bose's Mexico facility in 2009.  Valid yet untraceable serial numbers, such as the one found on the Media Center purchased from Bestor, often indicate that the system was stolen from the manufacturing facility before the product was scanned into Bose's distribution system.

43.     Upon information belief, Defendants are working in concert to improperly obtain products from the Bose manufacturing facility in Mexico, import them into the United States, and to illegally sell and distribute the products online to customers around the globe.

## SUBSTANTIAL HARM CAUSED BY DEFENDANT'S MISCONDUCT

44.     Defendants' actions substantially harm Bose by depriving Bose of the opportunity to earn profits from the sale of legitimate Bose products to consumers.

45.     Defendants' actions substantially harm Bose and consumers who ultimately purchase the Defendants' unlawfully obtained Bose products.  These Bose products purchased from Defendants may not work as intended and will not come with the Bose warranty. Consumers of Bose products purchased from the Defendants are misled as to the source, sponsorship and origin of their products.

46.     The process of disassembling Bose Lifestyle home theatre systems and reselling the individual parts voids the manufacturer's warranty on the device.  Both consumers and Bose are harmed when products sold by the Defendants are submitted for warranty repair.  Consumers

---

[1] Bose has made purchases from Defendant through a private investigator.

of the Defendants who purchase Bose products are unable to obtain warranty service from Bose in the event they experience problems with their system.  As a result, Bose's goodwill and reputation suffers.

47.     Defendants' conduct has also resulted in the dilution of Bose's trademarks.

48.     By selling parts from disassembled home theatre systems as "new" and with no manufacturer's warranty, Defendants have created a strong likelihood of confusion among Bose customers, which has an adverse economic impact not only on Bose, but also on Bose customers across the United States, including those customers within Massachusetts.

## COUNT ONE
## CONVERSION
### (Bracamontes, Bestor, and the Rosillos)

49.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

50.     The Defendants have improperly obtained products from Bose's manufacturing facility and have exercised dominion and control over the Bose products they sold without authorization or legal right to do so.

51.     The Defendants' conduct was willful, malicious, and wrongful, with the intent to deprive Bose of the right to possession.  As a direct and proximate result of the Defendants' intentional, malicious, and wrongful conversion of Bose products, Bose has suffered monetary damages.

52.     By reason of the foregoing, Bose has been, and will continue to be, irreparably harmed and damaged by the Defendants' conduct, unless such conduct in enjoined by this Court.

## COUNT TWO
## PATENT INFRINGEMENT
### *(Bracamontes, Bestor, and the Rosillos)*

53.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

54.     By reason of Defendants' acts complained of herein, Defendants have infringed and continue to infringe the '552 Patent, '923 Patent, '235 Patent, '435 Patent, '786 Patent, and the '170 Patent by importing, selling, offering for sale, and/or inducing or contributing to others to import, make, use, sell, and/or offer for sale Bose products which incorporate the devices and designs claimed in those patents, without license from Bose, during the term of those patents.

55.     Upon information and belief, Defendants infringement was willful.  In particular, and upon information and belief, Defendants acted despite an objectively high likelihood of infringement and knew or should have known of that likelihood.

56.     Because of Defendants' conduct, Bose has been damaged, irreparably harmed, and has suffered impairment of the value of its patent rights.  Moreover, Bose will continue to suffer irreparable harm, unless Defendants are restrained from infringing the 552 Patent, '923 Patent, '235 Patent, '435 Patent, '786 Patent, and the '170 Patent.

57.     This is an exceptional case under 35 U.S.C. § 285.

## COUNT THREE
## FEDERAL TRADEMARK INFRINGEMENT
### *(Bracamontes, Bestor, and the Rosillos)*

58.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

59.     Defendants' aforementioned conduct entails use and importation of the Bose Marks without authorization in connection with the sale and offer for sale of Bose products.

- 14 -

60.     Defendants' use and importation of the Bose Marks in connection with the sale of Bose products has caused, and will further cause, a likelihood of confusion, mistake and deception as to both the source of origin of Defendants' products, and the relationship between Bose and the Defendants.

61.     Defendants' use and importation of the Bose Marks is likely to continue in the future, to the irreparable damage to the business, reputation and goodwill of Bose.

62.     Defendants, by willfully committing the foregoing acts in commerce, have damaged, and will continue to damage, Bose and the goodwill associated with the Bose Marks. Bose is without an adequate remedy at law to redress such acts, and will be irreparably damaged, unless Defendant is enjoined from committing and continuing to commit such acts.

63.     Defendants' aforesaid acts constitute infringement of Bose's federally registered trademarks in violation of 15 U.S.C. § 1114.

## COUNT FOUR
## FEDERAL UNFAIR COMPETITION
### (Bracamontes, Bestor, and the Rosillos)

64.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65.     As described *supra*, Defendants' conduct of improperly obtaining and engaging in, and knowingly facilitating and encouraging others to engage in, the unauthorized resale of Bose products constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

66.     Defendants' acts constitute unfair competition and an infringement of Plaintiff's rights in the Bose Marks.

67.     As a result of the significant use, publicity and advertising by Bose of the Bose Marks, said marks have developed and now have acquired secondary and distinctive meaning.

~Doc# 17154.1~

These Bose Marks have become an indicator of source for Bose and for the goodwill and reputation of its products.

68.    Defendants have infringed upon the Bose Marks by creating a false designation of origin with the intent to deceive the public into believing that the Defendants and/or Defendants' products and services were and are related to, approved by, sponsored by or affiliated with Bose.

69.    As a result of Defendants' continued unfair competition, Bose has been irreparably injured and will continue to be irreparably injured, unless the violating activities of the Defendant are enjoined by this Court.

**COUNT FIVE**
**FEDERAL DILUTION**
***(Bracamontes, Bestor, and the Rosillos)***

70.    Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.    The Bose Marks are widely recognized by the general consuming public in the United States, as well as worldwide, as a designation of the source of Bose's goods and services.

72.    The Bose Marks as defined by 15 U.S.C. § 1125(c) are famous and distinctive, and the Bose Marks became famous prior to Defendants' unauthorized use in commerce of such marks.

73.    Bose has used the BOSE mark at least as early as 1966, well prior to Defendants' first use of any of the Bose Marks, and continuously for at least forty-three (43) years in commerce in connection with Bose products.

74.    Bose has spent millions of dollars extensively advertising and publicizing the Bose Marks for over forty-three (43) years throughout the United States and the world.

75.     Bose has used the Bose Marks in a broad geographical trading area encompassing all of the states and territories of the United States, and in a majority of countries abroad.  The Bose Marks have an extremely high degree of recognition as a brand identifier of high quality goods across the consuming public, over the internet and in commercial businesses.

76.     The Defendants have committed these acts with willful intent.

77.     The Defendants' acts constitute commercial use that dilutes and detracts, or is likely to dilute, the distinctiveness of the Bose Marks and severely tarnish them, with consequent damage to Bose products and goodwill symbolized by these marks, in violation of the Federal Trademark Dilution Act of 1996, codified at 15 U.S.C. § 1125(c).

78.     The Bose Marks have been irreparably injured and will continue to be irreparably injured, unless the violating activities of the Defendants are enjoined by this Court.

## COUNT SIX
## MASSACHUSETTS COMMON LAW TRADEMARK INFRINGMENT
### *(Bracamontes, Bestor, and the Rosillos)*

79.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

80.     The Bose Marks have a long, continuous and exclusive use within the Commonwealth of Massachusetts and have obtained distinctive qualities and features beyond those commonly employed by producers or advertisers.

81.     The Bose Marks are "strong" marks under Massachusetts common law, as they have acquired a secondary meaning that suggests a unique high quality product.

82.     The Bose Marks have achieved a secondary meaning within the Commonwealth, as they have become distinctive in the minds of the public and there is an association in the mind of the public between the Bose Marks and the source of the goods.

- 17 -

83.     Defendants have committed the acts alleged with previous knowledge of Bose's prior use and superior rights to the Bose Marks and with previous knowledge of the reputation of the Bose Marks in commerce.  Defendants' actions were undertaken for the willful and calculated purpose of trading upon Bose's goodwill and for the willful and calculated purpose of distributing and/or implying to consumers that they would distribute Bose products based upon the goodwill of the Bose Marks and business reputation, so as to mislead and deceive consumers. Defendants' actions are likely to cause confusion and mistake among consumers, all to Defendants' gain and Bose's damage.

84.     Defendants have diluted the distinctive quality of the Bose Marks.

85.     As a direct and proximate result of Defendants' conduct, Bose has suffered, and will continue to suffer irreparable injury to the Bose Marks, unless enjoined from doing so by this Court.

## COUNT SEVEN
## CIRCUMVENTION OF TECHNOLOGICAL MEASURES THAT
## CONTROL ACCESS TO COPYRIGHTED MATERIALS
### (*Bestor*)

86.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

87.     Defendant Bestor was and still is actively engaged in the manufacture, modification, sale and/or distribution of Media Centers which have their region coding unlocked and the dissemination of information on how to unlock the Media Centers, knowing or having reason to know that such devices and information (a) are primarily designed or produced for circumventing the region coding found within the DVD players and on DVDs themselves, (b) have only limited or no commercially significant purpose or use other than to circumvent region

~Doc# 17154.1~

coding, or (c) are marketed by the Defendant for use in circumventing region coding, in violation of 17 U.S.C. § 1201.

88.     The Media Center contains technological measures that, in the ordinary course of the measures' operation, require a process or treatment, with Bose's authority, to gain access to the proprietary firmware, as set forth in 17 U.S.C. § 1201.

89.     Bose did not give Defendant Bestor authority to unlock or otherwise to avoid, bypass, remove, disable, deactivate, or impair the region coding within the Media Center.

90.     Bose did not give Defendant Bestor authority to disseminate information instructing others on how to unlock or otherwise to avoid, bypass, remove, disable, deactivate, or impair the region coding within the Media Center.

91.     Defendant Bestor engaged in this misconduct for the purpose of reselling the altered products for a profit.

92.     Defendant's conduct has caused and, unless restrained, will continue to cause Bose severe and irreparable injury and damages for which Bose has no adequate remedy at law.

## COUNT EIGHT
### TRAFFICKING IN SERVICES THAT CIRCUMVENT TECHNOLOGICAL MEASURES PROTECTING COPYRIGHTED MATERIALS
#### (*Bestor*)

93.     Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

94.     Defendant Bestor was and still is actively engaged in the manufacture, modification, sale and/or distribution of unlocked Media Centers and the dissemination of information on how to unlock the Media Centers, knowing or having reason to know that such devices and information (a) are primarily designed or produced for circumventing the region coding found within the DVD players and on DVDs themselves, (b) have only limited or no

commercially significant purpose or use other than to circumvent region coding, or (c) are marketed by the Defendant for use in circumventing region coding, in violation of 17 U.S.C. § 1201.

95.     Defendant Bestor is in possession of certain information or instrumentalities that avoid, bypass, remove, disable, deactivate, or otherwise impair the technological measures within the Media Centers that effectively control access to the Bose's proprietary firmware and copyrighted materials found on DVDs.

96.     Individuals purchasing the unlocked Media Centers from the Defendant receive the altered Media Center.  Accordingly, Defendant Bestor is trafficking in the service of circumventing Bose's technological measures that effectively control access to Bose's proprietary firmware and copyrighted materials found on DVDs.

97.     Defendant Bestor has violated, and continues to violate, Section 1201 of the Copyright Act and, as a result, Bose has been irreparably injured and will continue to be irreparably injured unless the violating activities of the Defendant are enjoined by this Court.

## COUNT NINE
## FEDERAL COPYRIGHT INFRINGEMENT
### (Bracamontes)

98.     Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

99.     To promote and increase sales of his Bose products, Defendant Bracamontes prominently displayed in his auctions Bose's copyrighted images to advertise and sell his products.  True and accurate copies of Bose's copyrighted images as used on Defendant Bracamontes' eBay auctions are attached hereto as **Exhibit K**.

Doc# 17154.1

100.    Defendant Bracamontes' foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the exclusive rights of Bose.

101.    As a proximate result of Defendant Bracamontes' infringement as alleged herein, Bose has suffered and will continue to suffer damages to its business, goodwill, reputation, and profits, while the Defendant profits at Bose's expense.

102.    Bose has no adequate remedy at law for Defendant Bracamontes' infringing use of Bose's copyrighted materials.  Unless the Defendant is permanently enjoined, Bose will continue to suffer irreparable harm.

## COUNT TEN
## VIOLATION OF MASSACHUSETTS GENERAL LAWS, CHAPTER 93A
### *(Bracamontes, Bestor, and the Rosillos)*

103.    Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

104.    At all times relevant hereto, Defendants were engaged in trade or commerce as those terms are defined in Massachusetts General Laws, ch. 93A.

105.    Defendants' acts, including but not limited to those set forth above, constitute unfair and deceptive acts and practices in the conduct of trade and commerce in this Commonwealth.

106.    Defendants committed their unfair or deceptive acts and practices in this Commonwealth via the internet through their eBay IDs and knowingly, willfully, and intentionally directed the aforesaid acts or practices at Bose, injuring the same, a corporation with its principal place of business in this Commonwealth.

107.    Defendants' false and deceptive advertising efforts have eroded Bose's reputation and investments in the goodwill of this Commonwealth's consumers.  Defendants' intentionally

~Doc# 17154.1~

deceptive auctions deliberately and irreparably damaged the reputation and goodwill developed by Bose.

108.    By reason of the foregoing, Bose has been, and will continue to be, irreparably harmed and damaged by the Defendants' conduct, unless such conduct in enjoined by this Court.

## COUNT ELEVEN
## UNJUST ENRICHMENT
### *(Bracamontes, Bestor, and the Rosillos)*

109.    Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

110.    Defendants have usurped for themselves proprietary information, revenues, and other property rights belonging to Bose for the purpose of enhancing the commercial value of the Bose products they illegally obtained, advertised and sold.

111.    As a direct and proximate result of their unlawful and improper acts, Defendants have been unjustly enriched and Bose has suffered, and will continue to suffer, loss of profits by virtue of Defendants' conduct.

112.    By reason of the foregoing, Bose has been, and will continue to be, irreparably harmed and damaged by the Defendants' conduct, unless such conduct in enjoined by this Court.

## COUNT TWELVE
## INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS
### *(Bracamontes, Bestor, and the Rosillos)*

113.    Bose hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

114.    The foregoing acts of the Defendants were intentionally and willfully calculated to cause damage to Bose in its business.

~Doc# 17154.1~

115.    The Defendants' actions described above have, at all times relevant to this action, been with full knowledge that Bose would derive economic benefit from the sale of the Bose products improperly removed from its facilities.  Despite this knowledge, the Defendants continued to interfere with Bose's business relations by improperly obtaining products from Bose's manufacturing facility.

116.    The foregoing acts were committed by the Defendants without right or justifiable cause and have caused actual damage to Bose.

117.    By reason of the foregoing, Bose has been, and will continue to be, irreparably harmed and damaged by the Defendants' conduct, unless such conduct in enjoined by this Court.

## COUNT THIRTEEN
## CIVIL CONSPIRACY UNDER MASSACHUSETTS COMMON LAW
### *(Bracamontes, Bestor, and the Rosillos)*

118.    Plaintiff hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

119.    The Defendants acted in concert and participated in a common plan to achieve the unlawful acts as described above.

120.    The Defendants' actions as described above caused harm to Bose that could not have been caused by any one of them acting alone.

121.    The Defendants' actions as described above have, at all times relevant to this action, been willful and/or knowing.

122.    The Defendants' actions as described above constitute a civil conspiracy, which employed unlawful conduct to cause damage to Bose.

123.    As a direct and proximate result of the Defendants' actions and civil conspiracy as described above, Bose has been damaged and will continue to be damaged.

~Doc# 17154.1~

## RELIEF REQUESTED

WHEREFORE, Bose prays for judgment in its favor and against the Defendants providing the following relief:

A.  Awarding Bose its compensatory, consequential, statutory and special damages including, without limitation, its lost profits, loss of goodwill and dilution, as provided by law, together with pre and post judgment interest.

B.  A permanent injunction restraining and enjoining Defendants and all of their agents, servants, employees, successors and assigns, and all persons in active concert or participation with Defendants (or their agents) from selling, marketing, advertising, importing, or exporting Bose products.

C.  An order, under 15 U.S.C. § § 1116 and 1118, requiring Defendants to deliver to Bose or requiring destruction of all Bose products currently in Defendants' possession, custody or control.

D.  An order, pursuant to 15 U.S.C. § 1116, requiring Defendants to file with this Court and serve upon Bose within thirty (30) days after entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the above two subparagraphs (B and C) of this prayer.

E.  Statutory damages of $2,500.00 for each Bose product distributed and/or trafficked and/or manufactured in violation of 17 U.S.C. § 1201.

F.  All other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Plaintiffs hereby request trial by jury on all claims so triable.

~Doc# 17154.1 ~

Respectfully submitted,
Plaintiffs,
BOSE BV and BOSE CORPORATION,
by their attorneys,


/s/ Christopher S. Finnerty
Christopher S. Finnerty (BBO # 657320)
chris.finnerty@nelsonmullins.com
Jeffrey S. Patterson (BBO # 671383)
jeffrey.patterson@nelsonmullins.com
Morgan T. Nickerson (BBO # 667290)
morgan.nickerson@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Boston Place, 40th Floor
Boston, MA 02108
p.   (617) 573-4700
f.   (617) 573-4710

Dated: October 30, 2009

~Doc# 17154.1~